**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: October 2 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-32395 |
| | ) | |
| Philip Eric McNeal and | ) | Chapter 7 |
| Monica Sue McNeal, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO VACATE DISCHARGE

This case is before the court on Debtors' Motion to Vacate Discharge to Permit a Post Discharge Reaffirmation Agreement. [Doc. # 21]. Debtors ask to have their Chapter 7 discharges vacated so that a prospective reaffirmation agreement between Debtors and First Investors Servicing Corp. can be executed and filed. The court has confronted this same issue before in other cases.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so statutory deadline for filing a reaffirmation agreement is any time before discharge). The deadline for filing reaffirmation agreements in this case was September 23, 2013. Rule 4004(c)(2) also provides a vehicle for delaying the entry of discharge at the request of a debtor. Fed. R. Bankr. P. 4004(c)(2). No such request was made in this case. Debtors' discharges were then entered on September 24, 2013, although the case remains open for the administration of possible assets by the Trustee.

Debtors did not enter into or file a reaffirmation agreement with First Investors Servicing Corp. before their discharges were entered.

Rule 4008(a) permits the time for filing reaffirmation agreements to be enlarged "at any time." Fed. R. Bankr. P. 4008(a). Notwithstanding that the filing deadline may be extended at any time, the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008). The provisions of § 524 governing reaffirmation agreements are generally to be strictly construed. *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006). Both the statute and applicable case law make it clear that a reaffirmation agreement will be unenforceable if it is not made before the granting of a discharge. Even though the Rule 4008 filing deadline problem might still be overcome, any reaffirmation agreement that the parties entered into now would not comply with § 524 and would not be enforceable, regardless whether the filing deadline is enlarged and the document then filed. Debtors want the court to vacate their discharges to address this statutory untimeliness and enforceability problem.

The Motion does not cite authority for the relief requested. The court does not find a statutory or other basis to vacate a discharge at the request of a debtor in order to enter into a reaffirmation agreement. As this court and most other bankruptcy judges who have addressed this issue have held, the Bankruptcy Code does not contain any provisions authorizing vacation of a discharge under these circumstances. *E.g., In re Smith*, No. 11-35051, (Bankr. N.D. Ohio Feb. 10, 2012) (available on court's website); *In re Stewart*, 355 B.R. at 638-39; *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5 (Bankr. N.D. Iowa, Nov. 29, 2010)(Surveying various Bankruptcy Code provisions, court concludes that "[t]here is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing discharges to be set aside to reaffirm a debt."); *In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, *12-*14 (Bankr. E.D. N.Y. Dec. 21, 2010). Nor does Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, provide grounds for relief in this instance. The entry of Debtors' discharges did not occur by mistake and no extraordinary circumstances have been shown to justify vacation. Overall this court finds persuasive the reasoning of the majority of other courts that have addressed this issue, as fairly represented by the cases cited above, and will therefore deny the Motion as it has other motions raising the same issue.

**IT IS THEREFORE ORDERED** that Debtors' Motion to Vacate Discharge to Permit a Post Discharge Reaffirmation Agreement [Doc. # 21] be, and hereby is, **DENIED.**